HORACE HAVEMEYER, FRANK A. DILLINGHAM, EDWARD S. PAINE, EDWIN L. ARNOLD, H. B. ORDE y FRANK M. WELTY, socios constituyendo la sociedad RUSSELL & Co., SUCRS., S. EN C., demandantes y apelantes, *v.* MANUEL V. DOMENECH, TESORERO DE PUERTO RICO, demandado y apelado.

No. 5869.—*Sometido:* Mayo 10, 1933. *Resuelto:* Noviembre 16, 1933.

*R. Castro Fernández y Juan J. Fuertes,* abogados de los apelantes; *Hon. Procurador General Charles E. Winter y M. Rodríguez Serra, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Los demandantes iniciaron esta acción para recobrar ciertas sumas pagadas bajo protesta como contribuciones. Doce de los diez y siete señalamientos son al efecto de que la corte de distrito erró al no resolver que la tasación dada a doce parcelas de terreno era en cada caso excesiva, opresiva e injusta.

Respecto a la finca La Reparada que es una parcela de

unas 1,094.78 cuerdas, uno de los dos testigos de los deman-
dantes y el tasador estuvieron contestes en calcular 400
cuerdas de terreno para caña a razón de $400 por cuerda y
200 cuerdas de terreno de segunda clase para caña a $250
por cuerda. La diferencia de criterio surgió sobre cien cuer-
das de terreno para caña clasificado por los demandantes
como de tercera clase y sobre unas 300 cuerdas de terreno
arenoso y salitroso cerca del mar no apropiado para caña o,
según la prueba revela, para cultivo de índole alguna. Las
cien cuerdas fueron valoradas a $250, mientras que de con-
formidad con la prueba de los demandantes no valían a más
de $150. La prueba de los demandantes también demostró
más o menos concluyentemente que las 300 cuerdas no valían
a más de $15 para fines agrícolas o para pastos.

"Esta prueba, sin embargo, hace caso omiso del hecho de
que La Reparada está situada entre Ponce y el mar. No
solamente es una finca de caña sino una propiedad suburbana.
Está atravesada por la línea principal y por un ramal de la
American Railroad. La estación del ferrocarril de Ponce
es una de las fincas contiguas. Linda por tres lados con
otras tantas carreteras. Una de éstas es la que va de Ponce
a la Playa. Otra es la Carretera Insular No. 2 de Ponce a
Guayanilla y Peñuelas. La tercera constituye otro eslabón
entre la Carretera No. 2 y la Playa de Ponce. El Río Por-
tugués separa la Playa de la parte de la finca que linda con
el mar. Los demandantes habían vendido parte de este
terreno que linda con el mar a cincuenta centavos el metro.
La prueba de los demandantes no demuestra ni la tasación
original dada a estas 300 cuerdas ni la suma finalmente fijada
por la Junta de Revisión e Igualamiento. Los apelantes nos
remiten a cierta página de la transcripción taquigráfica en
que un testigo del demandado declaró que terrenos similares
del mismo distrito habían sido tasados a $50 la cuerda. El
mismo testigo en otra parte de su declaración dice que la
Junta de Revisión e Igualamiento al revisar la tasación dada
a La Reparada había tasado 362 cuerdas como terreno para

pastos a $200 y 29 cuerdas a $150. Estamos a oscuras respecto a qué parte, si la hubo, de las contribuciones pagadas bajo protesta fué calculada sobre esta base. Sea como fuere, la prueba de los demandantes que trata de la cuestión del valor para fines agrícolas solamente, difícilmente justificaría la modificación de la conclusión a que se llegara, primero, por la Junta de Revisión e Igualamiento y luego por el juez de distrito. Por otra parte no se ha demostrado que el valor en el mercado de las cien cuerdas de terreno de tercera clase para caña haya aumentado materialmente debido a su situación. La prueba relativa al valor de ese terreno para fines agrícolas es clara y específica y está prácticamente incontrovertida. Por la prueba en general no estamos en condiciones de decir que pudiera valer más de $150 por cuerda. Una parte proporcional de las contribuciones pagadas bajo protesta debe ser devuelta.

El Tuque es una parcela de unas 379 cuerdas. Se admite que cincuenta cuerdas o más de terreno pantanoso situado cerca del mar valen a $10 por cuerda y que pueden valer algo más. El resto es un desierto que prácticamente carece de valor. En la prueba del demandado existe la sugestión de que en este terreno se puede sembrar maguey, mas en manera alguna se desprende claramente que esto pudiera hacerse provechosamente. La finca en su totalidad fué tasada en $7,580. Los apelantes están dispuestos a aceptar una valoración que equivalga aproximadamente a la mitad de dicha suma. Más de $3,800 sería una suma claramente excesiva. La cantidad pagada bajo protesta, $89.06, debe ser devuelta.

Si bien hay mucho campo para argumentación en apoyo de criterios opuestos sobre el valor de otras propiedades envueltas, el juez de distrito parece haber apreciado la prueba de conformidad con la regla establecida en el caso de *Ensenada Estate Inc.* v. *Hill, Tesorero,* 24 D.P.R. 491; y *Saurí & Subirá* v. *Hill, Tesorero,* 26 D.P.R. 609, y no estamos dispuestos a alterar el resultado.

Los otros errores de existir no exigirían la revocación de la sentencia.

*La sentencia apelada debe ser revocada en el sentido ya indicado y confirmada en todos sus demás aspectos.*